UNITED STATES of America, Appellee,

v.

Annette TIEDEMAN, Defendant–Appellant,

Raymond L. Gold and Richard Selzer, Defendants.

No. 00–1789.

United States Court of Appeals, Second Circuit.

July 24, 2001.

* The Honorable J. Garvan Murtha, Chief United States District Judge for the District of Vermont, sitting by designation.

Peter H. Mayer, Clayton & Mayer, Hauppauge, NY, for appellant.

Wayne Baker, Assistant United States Attorney; Susan Corkery, Assistant United States Attorney, of counsel; Loretta E. Lynch, United States Attorney, on the brief, United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for appellee.

Present CABRANES, POOLER and SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and is AFFIRMED.

Annette Tiedeman appeals from a November 17, 2000 judgment of the District Court convicting her of conspiracy to steal United States Treasury checks, in violation of 18 U.S.C. § 371; theft of United States Treasury checks, in violation of 18 U.S.C. § 641; and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). On appeal, Tiedeman argues that (1) the charge of conspiracy to steal Treasury checks and the charge of conspiracy to commit money laundering were multiplicitous, in violation of the Double Jeopardy Clause of the Fifth Amendment; (2) there was insufficient evidence presented at trial to support her conviction for conspiracy to commit money laundering; and (3) the District Court erred in not departing downward from the Sentencing Guidelines.

We find no merit in Tiedeman's Double Jeopardy argument. A conspiracy to defraud the United States under 18 U.S.C. § 371 and a conspiracy to commit money laundering under 18 U.S.C. § 1956(h) require proof of different facts. *See Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932) ("The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not."). A Section 371 conspiracy requires proof of an intent to commit an offense against the United States—a fact not required to be proven for a Section 1956(h) conspiracy. Likewise, a Section 1956(h) conspiracy requires proof of an intent to conduct a financial transaction that would affect interstate commerce—a fact not required to be proven for a Section 371 conspiracy. We therefore reject Tiede-

man's claim that she was charged with the same offense more than once.

We also find that, when all evidence is construed in favor of the Government, there was sufficient evidence for a rational trier of fact to conclude that Tiedeman was guilty of conspiracy to commit money laundering.

Finally, we decline to review the District Court's decision not to depart downward from the Sentencing Guidelines. "It is well established in this Circuit that a court's decision to depart from the Guidelines is normally not appealable." *United States v. Lainez–Leiva,* 129 F.3d 89, 93 (2d Cir.1997) (brackets omitted) (quoting *United States v. Brown,* 98 F.3d 690, 692 (2d Cir.1996)). Tiedeman has not shown that any of the exceptions to this rule applies here. *See id.* (explaining that a Court of Appeals has discretion to review a decision not to depart downward if a violation of law occurred, the Guidelines were misapplied, or the refusal to depart downward was based on a mistaken conclusion that the District Court lacked authority to depart downward). Accordingly, the District Court's decision not to depart downward is not before us.

For the foregoing reasons, the judgment of the District Court is AFFIRMED.